IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVUD WHITE**,<br><br>        Plaintiff,<br><br>       v.<br><br>**JIM SHIPLEY**,<br><br>        Defendant. | Case No. 3:22-cv-713-SI<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

On May 16, 2022, Plaintiff David White filed this case in federal court against Defendant Jim Shipley. ECF 2 (Complaint). Service of process has not yet occurred. Plaintiff also filed an application with the Court to proceed *in forma pauperis* (IFP). ECF 1. In addition, Plaintiff seeks appointment of pro bono counsel (ECF 4) and leave for use the CM/ECF filing system as a self-represented party (ECF 7).. Further, Plaintiff requests a temporary restraining order (TRO) against Defendant Shipley. ECF 5. In his Complaint, Plaintiff asserts that the Court has subject matter jurisdiction based on the existence of a federal question, listing the federal law at issue as "501C3 non-profit rules and regulation." ECF 2. at 2.

The sole defendant in this case is attorney Jim Shipley. As alleged in the Complaint, David White is going through a divorce, and Jim Shipley is the attorney for Mr. White's estranged wife. The divorce proceeding appears to be pending in Washington County Circuit Court for the State of Oregon with Circuit Judge Charles Bailey presiding. In his Complaint, Mr. White alleges:

> David White is going through a divorce. His soon to be x-wife's attorney is Jim Shipley. Jim Shipley has accused him of using Climate Change Truth Inc. (cctruth.org) (A 501C3 Idaho registered nonprofit) funds personally. However, Jim himself, in an email told David White to use cctruth.org funds to pay for firewood replacement, one of the items of which his client is in contempt for. This is Exhibit IV. Cctruth.org is a 5013C Idaho registered nonprofit corporation. Jim Shipley's client removed herself from the Corporation in 2017. Exhibit I is a board meeting minutes from 2017. Exhibit II is a board meeting where the board voted not to give the KeyBank records to Jim Shipley. Exhibit III is images of David Whites home front. Jim Shipley has accused David White of using $1200 of cctruth.org funds to "improve" his property. No one in his neighborhood would say this is an improvement at this time.
>
> Because of inflation cctruth.org has only $3000 in the account and receive only $93 in donations in April 2022. If we receive no funding in May 2022 the month to month $ 1000 contract to keep cctruth.org from being blacklisted will end in June 2022.
>
> The 5013C regulations restrict anyone from using nonprofit funds for personal use. Furthermore, no one owns any asset in the nonprofit corporation. By regulation, upon dissolution of the nonprofit, all assets must be transferred to another 5013C [*sic*] nonprofit. Not to Board members.

ECF 2 at 3. As relief, Mr. White requests:

> We request an injunction be granted to stop Judge Bailey from ordering the KeyBank records to be produced in the divorce case. We also request Jim Shipley be compelled to pay $2,000 to cctruth.org for causing extra attorney expense. An additional $2000 for 30 hours of Professor Whites time to respond shall be paid to Mr. White.

ECF 2 at 3.

PAGE 2 – OPINION AND ORDER

**A.  Standards of Review for *Pro Se* Pleadings Filed IFP**

Congress has established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Preciado v. Salas*, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*.").

Self-represented, or *pro se*, plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B.  Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or *sua sponte*. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts that this Court has federal question jurisdiction. Plaintiff contends that the federal law governing this case are the rules and regulations governing 501(c)(3) corporations. The facts alleged by Plaintiff, however, do not show that there is any dispute about the rules or regulations governing 501(c)(3) corporations. Plaintiff admits that funds of a 501(c)(3) corporation are not allowed to be used for personal use. Plaintiff contends, however, that the attorney for Mr. White's estranged wife told Mr. White to use the non-profit's funds for personal use. Thus, this dispute appears not to be centered on what the 501(c)(3) regulations permit or mean, but rather about what Mr. Shipley represented to Mr. White and whether that representation should result in an order or estoppel in the divorce proceeding. Plaintiff does not

allege any specific 501(c)(3) regulation that Plaintiff alleges is disputed or needs to be construed to resolve the issues in this case. Thus, Plaintiff alleges insufficient facts to show that federal law governs this dispute.

## C. Anti-Injunction Act

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. In *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, the U.S. Supreme Court held that the Anti-Injunction Act is an absolute prohibition against a district court's enjoining state actions unless one of the three statutory exceptions has been met. 398 U.S. 281, 286 (1970). Because the "statutory prohibition against such injunctions in part rests on the fundamental constitutional independence of the States and their courts," federal courts must construe these three exceptions narrowly. *Id.* at 287; *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008). "Any doubts as to the propriety of a federal injunction . . . should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line*, 398 U.S. at 297. "Proceedings in state courts[, thus,] should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court." *Id.* at 287.

The first and third statutory exceptions do not apply—this Court has not entered any orders or judgments, and there is no federal statute authorizing a district court to enjoin a state divorce proceeding. *See, e.g.*, *Szymonik v. Connecticut*, 807 F. App'x 97, 100 (2d Cir. 2020); *Lyons v. Does*, 2022 WL 329268, at *3 (S.D.N.Y. Feb. 3, 2022). The second exception generally "applies to in rem proceedings where the federal court has jurisdiction over the res and the state

court proceedings might interfere with that." *Negrete*, 523 F.3d at 1101. This principle, however, "does not authorize interference with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does." *Id.*

Plaintiff's state and purported federal cases are in personam actions with jurisdiction over the parties. They are not in rem actions with jurisdiction over the bank account. Thus, even if the Court had jurisdiction over this case, the Anti-Injunction Act would prevent the Court from issuing the requested injunction regarding the state court proceedings.

**D.  Motion for Appointment of Counsel**

Before the Court is Plaintiff's motion for appointment of counsel. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although the Court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se based on the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Because there does not appear to be subject matter jurisdiction in federal

court, there is a low likelihood of success on the merit. Thus, the Court declines to request a volunteer attorney to assist the Plaintiff in this matter.

### E.  Conclusion

Plaintiff fails sufficiently to allege federal court subject matter jurisdiction. Accordingly, the Court DISMISSES Plaintiff's Complaint (ECF 2), DENIES Plaintiff's Request to Proceed IFP (ECF 1), and DENIES ALL PENDING MOTIONS (ECF 4, ECF 5, and ECF 7). Plaintiff may file an amended complaint not later than June 6, 2022, if Plaintiff can cure the defects identified in this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 19th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge